# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-07-240-M |
| | ) | (CIV-09-202-M) |
| NICOLE LANAE STEVENSON, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## ORDER

Defendant-Movant Nicole Lanae Stevenson ("Stevenson"), a federal prisoner, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on February 20, 2009. On March 13, 2009, plaintiff-respondent United States of America filed its response to Stevenson's motion, and on April 6, 2009, Stevenson filed her reply.

I.  Background

On September 5, 2007, Stevenson and a co-defendant, Ryan Meckenstock, were charged in an eleven-count Indictment with conspiracy, access device fraud, and aggravated identity theft. On October 10, 2007, pursuant to a plea agreement, Stevenson pled guilty to Counts 2, 3, 4, and 5 of the Indictment. On February 20, 2008, Stevenson was sentenced to 168 months' imprisonment. Stevenson did not appeal her sentence or conviction.

II. Discussion

As grounds for her § 2255 motion, Stevenson asserts ineffective assistance of counsel. Specifically, Stevenson asserts that her counsel was ineffective by providing misinformation regarding her sentencing range prior to her entering the plea agreement, by failing to object to various matters during sentencing, and by failing to appeal her sentence. The government asserts

Stevenson's motion should be denied because in the plea agreement Stevenson knowingly and voluntarily waived her right to challenge her guilty plea and the sentence imposed.

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). However, "a plea agreement waiver of post conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Cockerham*, 237 F.3d at 1187. "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." *Cockerham*, 237 F.3d at 1187.

Because Stevenson has asserted that her counsel was ineffective by providing misinformation regarding her sentencing range prior to her entering the plea agreement and that her plea, therefore, was involuntary, the Court will address this ineffective assistance of counsel claim prior to addressing whether Stevenson's waiver of her right to collateral challenge her conviction and sentence was knowingly and voluntarily made. In her motion, Stevenson contends that prior to her changing her plea and entering into the plea agreement, her counsel showed her the sentencing guidelines chart and indicated that if she entered into the plea agreement she would be facing a sentencing range of 70-87 months, which was significantly lower than the sentencing range under which she ultimately was sentenced.

The Tenth Circuit has held that a "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Further, the

Tenth Circuit has held that "[a]n erroneous sentence estimate by defense counsel does not render a plea involuntary." *Wellnitz v. Page*, 420 F.2d 935, 937 (10th Cir. 1970). Accordingly, even if the Court assumes that Stevenson's claim that her counsel informed her that if she entered into the plea agreement she would be facing a sentencing range of 70-87 months' imprisonment is true, the Court finds such alleged erroneous advise does not constitute constitutionally deficient performance rising to the level of ineffective assistance of counsel and does not render her plea involuntary. The Court, therefore, finds that Stevenson is not entitled to relief on this basis.

Because Stevenson's remaining ineffective assistance of counsel claims would fall within her waiver of her right to collaterally challenge her conviction and sentence, the Court must now address whether said waiver is expressly stated in the plea agreement and whether both Stevenson's plea and said waiver were knowingly and voluntarily made. The Tenth Circuit has adopted a three-prong analysis for evaluating the enforceability of a plea agreement containing a waiver of appellate rights. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).[1] When assessing the enforceability of a plea agreement containing a waiver of rights, courts must determine: "(1) whether the disputed [issue] falls within the scope of the waiver . . .; (2) whether the defendant knowingly and voluntarily waived his . . . rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *Id.* at 1325.

  A.  <u>Scope of the waiver</u>

In determining the scope of a waiver of collateral rights, a court strictly construes the language thereof and resolves any ambiguities against the government. *Id.*

---

[1] The same standard applies to waivers of collateral review. *United States v. Wales*, No. 05-3445, 2006 WL 950655, at *2 (10th Cir. April 13, 2006).

3

Paragraph 9 of Stevenson's plea agreement provides:

> 9. Defendant understands that the Court will consider those factors in Title 18, United States Code, Section 3553(a) in determining her sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which she is pleading guilty. Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, gives her the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives her right to:
> a. Appeal or collaterally challenge her guilty plea, sentence and restitution imposed, and any other aspect of her conviction, including but not limited to any rulings on pretrial suppression motions and any other pretrial dispositions of motions and issues;
> b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, her sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 8.

Plea Agreement at ¶ 9 [docket no. 39].

The Court finds that the above-quoted provision effects a broad and unambiguous waiver of Stevenson's appeal and collateral attack rights. The Court further finds that the remaining claims of ineffective assistance of counsel Stevenson asserts in her § 2255 motion fall within Stevenson's waiver of collateral attack rights, and specifically within paragraph 9 of the Plea Agreement.

B. <u>Knowing and Voluntary</u>

Under the second prong of its analysis, the Court must determine whether Stevenson's plea and waiver were made knowingly and voluntarily. Stevenson bears the burden of presenting evidence from the record that substantiates her allegation of involuntariness. *See Hahn*, 359 F.3d

4

at 1329 (citing *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003)). However, as set forth above, the sole basis for Stevenson's contention that her plea was involuntary – misinformation from her counsel regarding her sentencing range – does not render her plea involuntary.

Further, when deciding whether a waiver is knowing and voluntary, the Court looks to two factors: (1) whether the plea agreement "states that the defendant entered the agreement knowingly and voluntarily," *Hahn*, 359 F.3d at 1325; and (2) whether the waiver was adequately explained to the defendant during a Federal Rule of Criminal Procedure 11 colloquy. *Id.* In this case, the plea agreement expressly provides that Stevenson "knowingly and voluntarily waives her right to . . . [a]ppeal or collaterally challenge" her conviction and sentence. Plea Agreement at ¶ 9. The plea agreement further provides, in the paragraph immediately preceding Stevenson and her attorney's signatures, that "defendant acknowledges that she has discussed [the plea agreement's] terms with her attorney and understands and accepts those terms." *Id.* at ¶ 18.

Additionally, during her change of plea hearing, the Court asked Stevenson whether her plea of guilty was the result of a plea agreement with the Government, to which she responded in the affirmative. Change of Plea Tr. at 7, lns. 16-20. The Assistant United States Attorney prosecuting the case then summarized the relevant terms and conditions of the plea agreement, but only cursorily referenced the waiver of appellate rights and did not reference the waiver of collateral attack rights at all. *Id.* at 7-8. The Court then engaged in the following colloquy with Stevenson:

> THE COURT: Ms. Stevenson, I would ask you the same: You have heard Mr. Ogilvie disclose the terms of your plea agreement. I want to know if those statements are representative of what you understand?
>
> THE DEFENDANT: Yes, Your Honor.

*Id.* at 8, lns. 16-20. The Court did not specifically address Stevenson's waiver of collateral attack rights.

The Court finds that Stevenson knowingly and voluntarily waived her collateral attack rights, and that the Court's failure to address the waiver during the Rule 11 colloquy does not compel a contrary conclusion. *See United States v. Chavez-Salais*, 337 F.3d 1170, 1173 n.2 (10th Cir. 2003) ("We have held that . . . a [Rule 11] colloquy is not required if the record as a whole suggests that the defendant's waiver was knowing and voluntary."). The language of Stevenson's plea agreement is clear: it provides that Stevenson "knowingly and voluntarily waives her right to . . . collaterally challenge" her conviction and sentence. Stevenson later acknowledged, in open court, that her plea was entered pursuant to her plea agreement, and that she understood the terms of the agreement. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, Stevenson's signed plea agreement and her "solemn declarations in open court" strongly suggest that her waiver was knowing and voluntary.

### C. Miscarriage of Justice

The third prong of the Court's analysis requires that it determine "whether enforcing the waiver will result in a miscarriage of justice." *Hahn*, 359 F.3d at 1327. A "miscarriage of justice" results only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)). A waiver is "otherwise unlawful" only if the court committed plain error that affects a defendant's "substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993); *see also Hahn*, 359 F.3d at 1327, 1329.

6

To affect a defendant's "substantial rights," the error must seriously affect "the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotations omitted); *see also Hahn*, 359 F.3d at 1327, 1329.

The Court begins by noting that Stevenson has not alleged the Court relied upon any impermissible factor at sentencing, that Stevenson's sentence does not exceed the statutory maximum, and that the Court has previously found no ineffective assistance of counsel in connection with the negotiation of the plea and waiver. The Court further notes that Stevenson has not specifically alleged that enforcing her waiver of collateral attack rights will result in a miscarriage of justice. Additionally, after carefully reviewing the parties' submissions, the Court independently concludes that enforcement of Stevenson's collateral attack waiver will not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

D.   Conclusion

Accordingly, for the reasons set forth above, the Court finds that Stevenson's waiver of her right to collaterally challenge his conviction and sentence should be enforced and that the remaining ineffective assistance of counsel claims Stevenson asserts in her § 2255 motion are barred by said waiver.

III.   Evidentiary Hearing

As set forth above, Stevenson's motion does not set forth a basis for relief from her sentence or conviction. Because that conclusion is conclusively shown from the record and from the nature of Stevenson's claims, the Court finds there is no need for an evidentiary hearing on this motion. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. §2255.

7

IV.     Conclusion

Accordingly, the Court DENIES Stevenson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 27th day of August, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE